**Jeanette SULLIVAN, Herbert Sullivan, Jr. and Nicole Sullivan, individually and on behalf of the heirs of decedent Jerome K.W. Sullivan; Jeanette Sullivan individually, and on behalf of the heirs of decedent Ean S. Sinyella; Jeanette Sullivan, Herbert Sullivan,**

---

Jr. and Nicole Sullivan individually, and on behalf of the heirs of decedent Aralla M. Sullivan; and Augusta Sullivan individually, and on behalf of the heirs of decedent Travell K. Sullivan, Plaintiffs,

v.

BNSF RAILWAY COMPANY, fka The Burlington Northern Santa Fe Railroad Company; Matthew Kelley McCauley, aka Matthew Kelly McCauley and Joel Frederick Briggs, Defendants.

No. CV–06–0207–PHX–ROS.

United States District Court, D. Arizona.

Aug. 17, 2006.

Dana R. Stoker, Law Office of Dana R. Stoker, Denis R. Malm, Wachtel Biehn & Malm, Lake Havasu City, AZ, Douglas F. Martin, Robert L. Pottroff, Myers Pottroff & Ball PA, Manhattan, KS, for Plaintiffs.

William Lee Thorpe, Thomas Derek Ulreich–Power, Todd Stephen Kartchner, Fennemore Craig PC, Phoenix, AZ, for Defendants.

SILVER, District Judge.

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 16) For the following reasons, the Court will grant the motion and remand the case.[1]

## I. BACKGROUND

On December 15, 2005, Plaintiffs filed a lawsuit in Maricopa County Superior Court. The suit alleged multiple counts of wrongful death under Arizona state law based on the negligence of the Defendants. The incident giving rise to the cause of action involved a collision between a train, owned and operated by Defendant BNSF, and a vehicle containing the decedents on a railroad crossing on the Hualapai Reservation, Arizona. (Compl.¶ 13) The claim of negligence against Defendant BNSF includes multiple allegations such as the failure to warn, failure to provide adequate sight distance, and failure to sound an adequate whistle. (Compl.¶ 20) Within the allegations of negligence, Plaintiffs make reference to recommendations in *The Railroad Highway Grade Crossing Handbook* (a publication of the United States Depart-ment of Transportation) and duties under the Code of Federal Regulations. (*Id.*)

On January 13, 2006, Defendants filed a Notice of Removal. (Doc. 1) In that Notice, Defendants asserted that there are issues of federal law implicated in the action and that four of the allegations in the complaint are completely preempted. (*Id.* at 3) Plaintiffs later filed a Motion to Remand arguing that no federal jurisdiction exists because all claims arise under Arizona or Hualapai Tribal law. (Doc. 16, p. 2)

## II. ANALYSIS

The federal removal statute allows for removal of a case only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a) (allowing removal of a "civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Defendants' notice of removal was premised on federal jurisdiction under 28 U.S.C. § 1331. That statute provides federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F.Supp. 323, 324 (D.Ariz.1997). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *see Mesa Indus.*, 980 F.Supp. at 324.

---

1. The Court did not set this matter for oral argument because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Defendants assert that federal question jurisdiction exists in this case based on either the presence of federal issues or complete preemption of multiple allegations. (Doc. 23)

■■■ The conditions for federal question jurisdiction were recently set out by a unanimous Supreme Court. Those conditions are that the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005). Deciding if there is federal jurisdiction is determined by analyzing Plaintiffs' Complaint. "Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." *Ultramar America Ltd., v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir.1990) (internal citations omitted). Plaintiffs' Complaint consists of approximately twenty-five allegations supporting their claim of negligence. (Compl.¶ 20–23) In their allegation that Defendants were negligent in failing to provide adequate sight distances, Plaintiffs reference the recommendations of *The Railroad Highway Grade Crossing Handbook*. (*Id.* ¶ 20(d)) Plaintiffs also list duties under the Federal Code of Regulations for railroad track safety standards. 49 C.F.R. § 213. (*Id.* ¶ 20(i)) Within that list of duties, Plaintiffs mention the Federal Railroad Safety Act ("FRSA") stating that "any person who knowingly and willfully falsifies a record or report required by this part may be subject to criminal penalties, under 49 U.S.C. § 21311." (*Id.*

¶ 20(vi)) However, this is the only reference to FRSA Plaintiffs make within their Complaint and they make no mention of the Locomotive Boiler Inspection Act ("LBIA") in their allegations.

### A. Federal Issues

■■ The first basis Defendants provide for federal question jurisdiction is that Plaintiffs' claim depends on interpretation of federal statutes and regulations, and Plaintiffs' request for punitive damages implicates the Due Process Clause. (Doc. 23, pp. 3–4) In determining whether there is federal question jurisdiction, the Court has to distinguish between federal issues that "are basic and those that are collateral, between disputes that are necessary and those that are merely possible." *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Plaintiffs' Complaint only makes reference to federal law in two of their twenty-five allegations. In addition, Plaintiffs use the federal statutes as a standard by which to measure Defendants' negligence, not necessarily for the assertion that Defendants violated the statute and thus should be liable. It is clear from the face of the Complaint that the federal issues are not necessary to Plaintiffs' claims. In addition, if a claim raises alternate theories of liability, under federal or state law, there is no federal jurisdiction unless resolution under the state law theory requires interpretation of federal law. *See Christianson v. Colt Indus.Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (unanimous court) (holding that because there are reasons unrelated to federal law which could entitle the plaintiff to relief, the claim does not arise under federal law); *Ultramar*, 900 F.2d at 1414 ("[T]hat an alternative theory of relief exists for each claim … not dependent upon federal law, is itself grounds to defeat federal question jurisdiction.") (relying on

*Christianson* ); *Baker v. BDO Seidman, LLP,* 390 F.Supp.2d 919, 925 (N.D.Cal. 2005) (finding plaintiffs' allegations raised alternative theories of liability, and were capable of being decided without federal law, thus they did not necessarily raise a federal issue and failed *Grable* test for jurisdiction). In this case, Plaintiffs' claim of negligence can be decided under state common law without reference to federal law.

■■■■■ In addition, the federal issues are not "substantial" in this case. *Grable,* 125 S.Ct. at 2367. Federal jurisdiction "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* A mere citation to a federal act by the Plaintiffs does not implicate a substantial federal interest. *Campbell v. Aerospace Corp.,* 123 F.3d 1308, 1315 (9th Cir.1997). In *Campbell,* the court held that a citation to a federal act in support of one of the elements of a tortious discharge claim did not create federal question jurisdiction because the citation did not implicate a "compelling federal judicial interest" nor did the citation "alter the fundamental nature of [the] state-law tort action." *Id.* Also, there was "an alternative state-law theory" supporting the plaintiff's claims. *Id.* In the present case, Plaintiffs made mere references to federal regulations and guidelines to support their claim that Defendants were negligent; Plaintiffs' claims remain based on state tort law, which Plaintiffs can succeed on without interpretation of federal law. Defendants argue that the federal government's substantial interest in a uniform system for railroad safety is demonstrated by the existence of statutes and regulations, such as FRSA. (Doc. 23, p. 5) However, they fail to cite any cases to support this argument, only citing FRSA language that "railroad security shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106.

The Court finds that there is no substantial federal interest in a wrongful death state claim based on negligence when federal regulations are only cited to assist in establishing a standard by which to measure the negligence.

■■■■ Defendants' argument regarding the implication of the Due Process Clause with respect to punitive damages also does not create federal question jurisdiction. While the Defendants certainly can raise the Due Process issue, it does not create federal question jurisdiction. In determining "whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Because the due process issue is only a "potential defense[ ]" to Plaintiffs' claims for punitive damages, it can not provide a basis for federal jurisdiction. *Id.*

**B. Complete Preemption**

■■■■ Defendants' second basis for federal question jurisdiction is that FRSA and LBIA completely preempt state law. (Doc. 23, p. 7) Generally, federal preemption may be raised as a defense, but a federal defense is not grounds for removal to federal court. *Caterpillar Inc., v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Washington v. American League of Prof' l Baseball Clubs,* 460 F.2d 654, 660 (9th Cir.1972). An exception to this is when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (internal citations omitted); *see also Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 862 (9th Cir.2003) (observing the "Supreme

Court has identified only three federal statues that satisfy [the complete preemption] test"). In the Ninth Circuit, complete preemption requires the presence of both "conflict preemption" and "displacement preemption." *Botsford v. Blue Cross & Blue Shield of Montana,* 314 F.3d 390, 393 (9th Cir.2002). Conflict preemption exists when federal law conflicts with state law. *Id.* Displacement preemption is satisfied when federal law provides a remedy that displaces state law remedies. *Id.* The Court finds that the federal regulations at issue do not satisfy the requirement of displacement preemption. Thus, there is no federal question jurisdiction.

■ In this case, conflict preemption exists. FRSA contains an express preemption clause, which reads as follows:

Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation ... prescribes a regulation or issues an order covering the subject matter of the State requirement. 49 U.S.C. § 20106.

In 1993, the U.S. Supreme Court found that when the Secretary of Transportation has adopted a specific regulation covering an area of railway safety, a state common law action for negligence based on that subject area is preempted. *CSX Transp. v. Easterwood,* 507 U.S. 658, 675, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) (holding that a different assertion of negligence by the railroad was not preempted by general mandate in statute). Four of Plaintiffs' assertions of negligence for failure to take certain actions are already governed by federal regulations as promulgated by the Secretary of Transportation. (Doc. 23, pp. 7–11) As a result, those assertions conflict with and are preempted by the relevant Federal regulations.

In this case, however, there is no displacement preemption. Displacement preemption requires that there be some federal remedy for the Plaintiffs that displaces state law remedies. *Botsford,* 314 F.3d at 397. In 2003, the Supreme Court held that complete preemption requires an "exclusive cause of action." *Beneficial Nat'l Bank,* 539 U.S. at 11, 123 S.Ct. 2058; *see also Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1042 (9th Cir. 2003) (applying *Beneficial National Bank* to find there was not complete preemption of state claim); *Sullivan v. American Airlines, Inc.,* 424 F.3d 267, 276 (2d Cir.2005) (stating that "[o]nly state-court actions that *originally could have been filed in federal court* may be removed to federal court by the defendant") (citing *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425) (emphasis added). The Supreme Court stated that in the two categories of cases where it had found complete preemption up to that point, namely Labor Management Relations Act and ERISA cases, the "federal statutes at issue provided the exclusive cause of action for the claim asserted and *also set forth procedures and remedies governing that cause of action."* *Beneficial Nat'l Bank,* 539 U.S. at 8, 123 S.Ct. 2058 (finding third category of case that provides complete preemption) (emphasis added).

Applying the Supreme Court's precedent, there is no federal remedy for the Plaintiffs under FRSA or LBIA. Recently, a District Court examined FRSA and found that it contained "no express or implied cause of action authorizing suit by a private individual." *Nippon Yusen Kaisha v. Union Pacific R.R. Co.,* No. CV048861GAF, 2005 WL 1241866, at * 1 (C.D.Cal. May 10, 2005). Under FRSA, individuals can neither seek damages for

personal injury as a result of violations of the regulations nor enforce compliance with the regulations. *Id.* at *2. Defendants, in their Response, argue that 49 U.S.C. § 20111, providing the Secretary of Transportation with exclusive authority to impose civil penalties for a violation of the regulations, demonstrates that there is displacement preemption. (Doc. 23, p. 11) However, Defendants do not indicate a federal regulation governing how private individuals are to seek reparations for a railroad's failure to comply with the regulations or to report non-compliance with the regulations to the Secretary of Transportation. Defendants also argue that under *Grable* a federal cause of action is not required. (Doc. 23, p. 11) But *Grable* did not involve complete preemption, nor is there any language in the case suggesting that the Court intended it to apply to complete preemption. *See Grable,* 125 S.Ct. at 2367 (addressing whether there is original federal question jurisdiction). In addition, Defendants' argument that LBIA completely preempts Plaintiffs' assertion of an inaudible whistle is clearly without merit as the relevant statute contemplates private civil actions. *See* 49 U.S.C. § 20703(c) (providing that accident investigation reports by the Secretary of Transportation may not "be admitted into evidence or used in a civil action for damages") In addition, while Defendants have cited numerous cases where a defense of preemption under FRSA succeeded over a state claim, they have failed to cite any

court that has found that FRSA *completely preempts* a state claim so as to create federal jurisdiction.[2] (Doc. 23, pp. 7–11) Due to the lack of a federal remedy for accidents involving private individuals, displacement preemption is not satisfied and FRSA does not provide complete preemption.

### C. Acting under the Direction of a Federal Officer

 Finally, Defendants argue that they were acting under the direction of a federal officer, and pursuant to 28 U.S.C. § 1442(a)(1) removal to federal court is permitted. (Doc. 23, p. 13) Defendants raise this ground for removal for the first time in their Response, alleging the omission from their Notice of Removal was inadvertent.[3] (*Id.*) Removal petitions cannot be amended after the 30 day period allowed to file notice "to add allegations of substance but solely to clarify defective allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317 (9th Cir.1969) (internal citations omitted). Alleging new grounds for removal constitutes an allegation of substance. "It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground." *Hinojosa v. Perez,* 214 F.Supp.2d 703, 707 (S.D.Tex.2002), *see also* Charles A. Wright

---

**2.** The Court has discovered only one case in which a state claim was completely preempted by FRSA. *Peters v. Union Pacific R.R. Co.,* 80 F.3d 257 (8th Cir.1996). However, that case is distinguishable because the claim was for the plaintiff's loss of an engineer certificate and the Secretary of Transportation had issued regulations setting out a specific dispute resolution procedure for challenging a railroad's denial of certification. *Id.* at 261 (referring to 49 C.F.R. §§ 240.401–240.411); *but see Chapman v. Lab One,* 390 F.3d 620

(8th Cir.2004) (finding that FRSA *did not completely preempt* state claim because it did not provide a private right of action for plaintiff's situation).

**3.** Defendants acknowledge that they omitted this argument from their Notice of Removal, however they allege that it was inadvertent and request that the Court consider their Response as an amendment to the Notice. (Doc. 23, p. 13 n. 10)

& Arthur R. Miller, *Federal Practice and Procedure: Jurisdiction* § 3733 (3d ed.1998) (stating that "[c]ompletely new grounds for removal jurisdiction may not be added" after the thirty-day period for seeking removal). For these reasons, Defendants' allegation that they were acting under the direction of a federal officer will not be considered.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 16) is **GRANTED.**